IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2020 FEB 18 P 2:02
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO. |
| HOLT, McDUFFEE & RAMSEY, L.L.C., BARRY R. HOLT, JAQUES JARRY and VICKI LAWRENSON, | ) 2:20-CV-108 ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY, by and through the undersigned counsel, and files this action for declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C.A. §§ 1332, 1333 and states as follows in further support hereof:

**PARTIES**

1. PHILADELPHIA INDEMNITY INSURANCE COMPANY (hereinafter "PIIC") is a Pennsylvania company incorporated under the laws of the Commonwealth of

{B3407374}                                1

Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania. Philadelphia is authorized to transact business in the State of Alabama. Philadelphia Indemnity is a citizen of Pennsylvania.

2. Defendant HOLT, McDUFFEE & RAMSEY, L.L.C., (hereinafter "HMR") is an Alabama limited liability company with its principal place of business in Montgomery County, Alabama.

3. Defendant BARRY R. HOLT (hereinafter "Holt") is a resident of Montgomery County, Alabama.

4. Defendant JAQUES JARRY (hereinafter "Jarry") is a resident of Montgomery County, Alabama.

5. Defendant VICKI LAWRENSON (hereinafter "Lawrenson") is a resident of Montgomery County, Alabama.

## JURISDICTION AND VENUE

6. This is a Declaratory Judgment Action brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

7. The instant lawsuit involves an insurance coverage dispute that is premised on an underlying lawsuit styled *Jaques Jarry and Vicki Lawrenson v. Holt, McDuffee & Ramsey, L.L.C., et al.*, Circuit Court of Montgomery County, Alabama, CV-2018-901200, (hereinafter "the underlying lawsuit").

8. Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). Complete diversity of citizenship exists in this matter and the amount in controversy exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000), exclusive of interest and costs. Jarry and Lawrenson, in the underlying lawsuit, seek to recover from HMR and Holt misappropriated funds that were held in the IOLTA and/or operating account of the law firm of Barry R. Holt, L.L.C. In regard to the damages sought, Jarry and Lawrenson seek to recover damages of at least $2,033,183.85. In a declaratory judgment action, the amount in controversy is determined as follows:

> "In a declaratory judgment action, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. The plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. Where, as here, an insurer seeks a determination that it has no duty to defend a separate underlying lawsuit, the court may take into account not only the recovery sought in the underlying lawsuit, but also the pecuniary value of the [insurer's] obligation to defend the separate lawsuit."

*Owners Ins. Co. v. Bryant,* 2006 WL 50488 at *2 (M.D. Ga. Jan. 9, 2006) (citations omitted).

9. Venue in this matter is appropriate pursuant to 28 U.S.C. §§ 1391 because Philadelphia does business in Montgomery County, Alabama, which is located in the Northern Division of the Middle District of Alabama and HMR's principal place of business, and Holt's, Jarry's and Lawrenson's residences are in Montgomery County, Alabama.

## FACTS

10. PIIC issued an Accountants Professional Liability Insurance Policy to HMR with Policy Number

PHSD1267941 with effective dates of coverage from August 1, 2017 to August 1, 2018. (A copy of Policy Number PHSD1267941 is attached as Exhibit "A"). Holt is an INSURED under the Policy, in his capacity as an employee of HMR but only with respect to PROFESSIONAL SERVICES rendered on behalf of HMR.

11. On June 25, 2018, Jarry and Lawrenson filed a lawsuit against HMR and Holt styled *Jaques Jarry and Vicki Lawrenson v. Holt, McDuffee & Ramsey, L.L.C., et al.*, Circuit Court of Montgomery County, Alabama, CV-2018-901200 (A copy of the underlying Complaint is attached as Exhibit "B").

12. On November 22, 2019, Jarry and Lawrenson filed an Amendment to Complaint. (A copy of the Amendment to Complaint is attached as Exhibit "C").

13. On January 2, 2020, Jarry and Lawrenson filed a Second Amendment to Complaint. (A copy of the Second Amendment to Complaint is attached as Exhibit "D").

{B3407374}

14. On January 22, 2020, Jarry and Lawrenson filed a Third Amendment to Complaint. (A copy of the Third Amendment to Complaint is attached as Exhibit "E").

15. The Complaint contends that Holt, as part of legal services provided, recommended that funds owned by Jarry and Lawrenson from a sales transaction be deposited in the trust account of Barry R. Holt, L.L.C., Holt's law firm. These funds totaled $1,149,964, owned half by Jarry and half by Lawrenson. The Complaint contends Holt moved these funds to an account owned by HMR without the plaintiffs' authorization and then misapplied the funds in an unauthorized manner. The Complaint contends HMR and Holt deprived the plaintiffs of their funds. The Complaint contends Holt and Barry R. Holt, L.L.C., "violated the standard of care for lawyers and attorneys in the state of Alabama."

16. The Amendment to Complaint adds claims for fraud and fraudulent suppression.

{B3407374}

17. The Second Amendment to Complaint specifically sets out a claim for conversion. In addition to alleging conversion related to the $1,149,964, the Second Amendment contends Jarry entrusted $4.5 million to Barry R. Holt, Attorney at Law, for the express purpose of paying 941 payroll taxes on behalf of a company owned by Jarry and Lawrenson. The Second Amendment alleges these funds were placed in the operating account of Barry R. Holt, L.L.C. The Second Amendment contends Holt misappropriated and converted at least $883,219.85 from these funds for his own personal and business purposes without the consent or permission of Jarry and Lawrenson. The Second Amendment also adds a claim for fraud/fraudulent suppression related to the $4.5 million, a claim for conspiracy, and a claim to recover the monies held/used by Holt as trustee of the funds.

18. The Third Amendment to Complaint sets out a specific claim under the Alabama Legal Services Liability Act. The Third Amendment contends that to

{B3407374}

the extent the claims in the prior pleadings cannot exist outside of the Legal Services Liability Act, those allegations are asserted as the factual basis for the claim under the Legal Services Liability Act.

19. HMR and Holt have made a demand on PIIC for defense and indemnity in the underlying lawsuit. PIIC has denied that it has a duty to defend or indemnify HMR and Holt but is defending the underlying lawsuit under a reservation of rights.

20. The Accountants Professional Liability Policy, among other provisions, terms and conditions, contains the following pertinent provisions:

PHILADELPHIA INSURANCE
COMPANIES

THIS IS A CLAIMS MADE AND REPORTED POLICY. PLEASE READ IT CAREFULLY

ACCOUNTANTS' PROFESSIONAL LIABILITY INURANCE POLICY

In consideration of the payment of the premium and in reliance upon the statements in the application and supplements attached hereto and made a part hereof, and subject to all terms of the policy, the Company agrees with the NAMED INSURED as follows:

INSURING AGREEMENTS

I. COVERAGE - PROFESSIONAL LIABILITY

>The Company will pay on behalf of the INSUREDS those sums in excess of the deductible which the INSUREDS become legally obligated to pay as DAMAGES as a result of CLAIMS first made against the INSUREDS by the reason of a negligent act, error or omission in the performance of PROFESSIONAL SERVICES, provided CLAIM is first made during the POLICY PERIOD and written report of the CLAIM is received by the Company the POLICY PERIOD or within sixty (60) days thereafter.

8

...

## DEFINITIONS

I.    "CLAIM" MEANS: a demand made upon any INSURED for DAMAGES, including, but not limited to, service of suit or institution of arbitration proceedings against any insured.

All CLAIMS arising out of the same act, error or omission, or acts, errors or omissions which are logically or causally connected in any way shall be deemed as a single CLAIM. All such CLAIMS whenever made shall be considered first made on the date on which the earliest CLAIM arising out of such act, error or omission was first made and all such CLAIMS are subject to the same limits of liability and deductible.

II.    "CLAIMS EXPENSES" MEANS:

    A.    fees charged by any Lawyer designated by the Company to defend the interests of any INSURED; and

    B.    if authorized by the Company, all other reasonable fees, costs and expenses resulting from the investigation, adjustment, defense or appeal of any CLAIM, including but not limited to:

        1.    all costs taxed against the INSURED and post judgment interest on the portion of any judgment for which the Company is liable under this policy until the Company has tendered or deposited in court or otherwise such judgement amount for which the

        2.    appeal bonds in an amount not to exceed the Company's limit of liability. The Company shall have no obligation to apply for, or furnish such bonds.

CLAIMS EXPENSES shall not include salaries and expenses of regular employees or officials of the Company or any INSURED.

III.    "DAMAGES" MEANS: monetary compensation for past harms or injuries, provided always that DAMAGES shall not include:

    1.    punitive or exemplary damages; or

    2.    sanctions, fees, fines or penalties imposed on any INSURED; or

    3.    the amount of any multiplied damage awarded that is in excess of the damage award prior to such multiplication; or

    4.    Liquidated damages as provided under as contract or statute.

IV.    "DISCIPLINARY PROCEEDING" MEANS: any proceeding by a regulatory or disciplinary official or agency to investigate charges made by a client or former client alleging professional misconduct in rendering or failing to render PROFESSIONAL SERVICES.

...

**VI.**    "INSURED" MEANS:

    A.    the NAMED INSURED;

    B.    any PREDECESSOR FIRM OR SUCCESSOR FIRM;

    C.    any past or present partner, officer, director, stockholder or employee of the NAMED INSURED or entity specified in Item VI.B. above, but only as respects PROFESSIONAL

9

{B3407374}

SERVICES rendered on behalf of the NAMED INSURED, or any PREDECESSOR FIRM;

. . .

**VII.** "NAMED INSURED" MEANS: the person or entity stated in Item A. of the Declarations.

**VIII.** "POLICY PERIOD" MEANS: the period from the effective date of this policy to the expiration date as set forth in the Declarations or earlier termination date, if any, of this policy.

**X.** "PROFESSIONAL SERVICES" MEANS:

A. services performed or advice given by any INSURED to others for a fee or otherwise in the conduct of the INSURED'S practice as an accountant; including without limitation, duties performed or advices given in connection with the American Institute of Certified Public Accountants or any state society of certified public accountants;

B. services performed by any INSURED as a notary public;

C. services performed by any INSURED as a TRUSTEE, RECEIVER or EXECUTOR;

D. activities of the INSURED as a member of a formal accreditation, ethics, peer review, licensing board, standards review or similar professional board or committee for the accounting profession. Exclusion F., as it applies to restraint of trade or antitrust violation, shall not apply to these activities;

E. if arising out of A, B, C, or D libel, slander or invasion of privacy.

Under the ACCOUNTANTS PRO-PAK ELITE COVERAGE ENHANCEMENT ENDORSEMENT the definition of PROFESSIONAL SERVICES is expanded to include the following:

DEFINITIONS part x (definition of PROFESSIONAL SERVICES) will also include:

F. Consulting in the course of the practice of accountancy;
G. Acting as a personal fiduciary; and
H. acting as a Director or Officer of a non-profit organization as defined by the
Internal Revenue Service. CLAIMS arising out of any INSUREDS activities as a Director Officer of a non-profit organization are subject to a $5000 maximum recovery under this policy.

. . .

## CONDITIONS

I. INSURED'S DUTIES PRECEDENT TO COVERAGE

As a condition precedent to the availability of coverage under *this* policy, an INSURED'S duties in the event of a CLAIM or potential CLAIM are as follows:

A. If a CLAIM is made against an INSURED, or any INSURED becomes aware of any potential CLAIM in accordance with Insuring Agreement IV, the INSURED must give prompt written notice to the Company, directed to:

Philadelphia Insurance Companies One
Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004

10

{B3407374}

Attention: Claims Department

Notice shall include every demand, notice, summons or other service of process received by any INSURED.

B. No INSURED shall, without prior written consent of the Company, make any payment, admit liability, settle CLAIMS, assume any obligation, or agree to arbitration or any method of alternative dispute resolution for which the result is binding upon the INSURED; nor shall the INSURED waive any rights or incur any CLAIMS EXPENSES without the prior written consent of the Company.

. . .

## PROFESSIONAL SERVICES EXCLUSION

This endorsement modifies insurance provided under the following:

### ACCOUNTANTS PROFESSIONAL LIABILITY POLICY

In consideration of the premium paid, it is agreed that the Policy is amended **as** follows:

This Policy shall not apply to any CLAIM made against the INSURED based upon, arising out of or in any way involving any WRONGFUL ACT committed or alleged to have been committed by the INSURED due to the rendering or failure to render the following services:

Services provided by Barry Holt in the capacity of Law

All other terms and conditions of this Policy remain unchanged.

. . .

## KNOWLEDGE OF WRONGFUL ACT EXCLUSION

This endorsement modifies insurance provided under the following:

### ACCOUNTANTS PROFESSIONAL LIABILITY POLICY

In consideration of the premium paid, it is agreed that this Policy does not apply:

To any WRONGFUL ACT committed by the NAMED INSURED with the knowledge that it was a WRONGFUL ACT.

All other terms and conditions of this Policy remain unchanged.

. . .

## **EXCLUSIONS**

**This policy does not apply to any CLAIM or DAMAGES arising out of:**

11

{B3407374}

A. (i) mental or emotional injury or distress of any person; or (ii) arising from bodily injury to, or sickness, disease, or death of any person. This exclusion does not apply to mental illness, emotional distress or humiliation caused by libel, slander or invasion of privacy;

B. any act, error or omission occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error or omission might be the basis of a CLAIM;

E. any dishonest, fraudulent, criminal, malicious or knowingly wrongful or unlawful act, error or omission of any INSURED, provided that such determination results from either a legal adjudication, regulatory ruling or legal admission.

H. any INSURED gaining any personal profit or advantage to which the INSURED was not legally entitled;

M. conversion, misappropriation or improper commingling of client funds or funds held for the benefit of a client;

21. A justiciable controversy now exists between PIIC, HMR, Holt, Jarry and Lawrenson regarding the rights, duties and status or legal relations of the parties hereto with regard to the defense and indemnity of HMR and Holt in the underlying lawsuit under the Policy. PIIC avers that it has no duty to defend and indemnify HMR and Holt in the underlying lawsuit based on Exclusions E., H., and M., and based on the Professional Services Exclusion endorsement. Additionally, the Policy does not provide coverage for punitive damages or damages arising out of mental or emotional injury or distress of any person. PIIC

reserves the right to amend this Complaint. To the extent PIIC has not cited specific provisions of the Policy, PIIC does not waive any of those provisions and reserves the right to amend the Complaint and assert any applicable provisions.

## BILL OF COMPLAINT

22. A justiciable controversy exists between PIIC, HMR, Holt, Jarry and Lawrenson as to whether PIIC has a duty to defend and indemnify HMR and Holt in the underlying lawsuit.

23. PIIC owes no duty to defend and indemnify HMR and Holt in the underlying lawsuit.

WHEREFORE PREMISES CONSIDERED, the Plaintiff, PIIC, respectfully requests that this Honorable Court grant the following relief:

1. That this Court take jurisdiction of this cause;

2. That this Court ORDER, ADJUDGE and DECREE that this is a proper cause for an action for Declaratory Judgment and that there is a bona fide controversy

between the parties as to their legal rights, duties, status and liabilities;

3. That the process of this Court be issued to the Defendants as provided by Law and the Rules of this Court, and that they each be required to plead an answer to this Complaint for Declaratory Judgment within the time and manner required by law;

4. That in the event this controversy is not ruled upon prior to entry of final judgment in the underlying lawsuit, that this Court stay entry of any final judgment that may be entered in the underlying lawsuit, if any, until all coverage issues are determined and declared by this Court;

5. That upon final hearing of this cause, this Court will declare the rights, duties, status and legal relations of PIIC, HMR, Holt and the other named Defendants under the Policy;

6. That upon a final decree of this cause, this Court will Order, Adjudge and Decree that PIIC has no

{B3407374}

duty to defend and/or indemnify HMR and Holt in the underlying lawsuit; and

7. PIIC requests any such other, further and different relief as it may be entitled to and further requests that if it be mistaken in any special relief herein sought, then it requests such other further, or more general relief to which it may be entitled.

Respectfully submitted on this the 18th day of February, 2020.

/s/ Scott M. Salter
Scott M. Salter
Bar Number: ASB-7168-R57S
Attorney for Plaintiff
STARNES DAVIS FLORIE LLP
Seventh Floor
100 Brookwood Place
Birmingham, Alabama, 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
Email: ssalter@starneslaw.com

**DEFENDANTS SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Holt, McDuffee & Ramsey, L.L.C.
3170 Parliament Circle
Montgomery, AL 36116

Barry R. Holt
c/o Holt, McDuffee & Ramsey, L.L.C.
3170 Parliament Circle
Montgomery, AL 36116

Barry R. Holt
c/o Barry R. Holt, L.L.C.
3164 Parliament Circle
Montgomery, AL 36116-7271

Jaques Jarry
5520 Ash Grove Circle
Montgomery, AL 36116

Vicki Lawrenson
294 Abington Street
Prattville, AL 36066

*/s/ Scott M. Salter*
Scott M. Salter
Bar Number: ASB-7168-R57S
Attorney for Plaintiff
STARNES DAVIS FLORIE LLP
Seventh Floor,
100 Brookwood Place
Birmingham, Alabama, 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
Email: ssalter@starneslaw.com

16

{B3407374}